**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1027

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ HERNANDEZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

---

Before

Torruella, Lynch and Lipez,
Circuit Judges.

---

Jennifer A. Appleyard on brief for appellant.
Mark E. Howard, Assistant U.S. Attorney, and Thomas P. Colantuono, United States Attorney, on brief for appellee.

---

October 27, 2006

---

**Per Curiam**.    Defendant-appellant José Hernandez ("Hernandez") appeals from his 188-month within-guidelines sentence.  As grounds for appeal, he argues that the district court did not adequately explain the reasons for the sentence in terms of the factors set forth in 18 U.S.C. § 3553(a) and that the sentence imposed was unreasonably high in light of those factors, particularly given his cooperation with the government in prosecuting and investigating other crimes.[1]  Notably, he does not argue that he was entitled to a downward departure below the statutory minimum of 180 months[2] under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e).  Thus, what is at issue here is the eight-month difference between the statutory minimum and the sentence imposed.

As we have previously stated in the wake of United States v. Booker, 543 U.S. 220 (2005), "Reasonableness entails a range of potential sentences, as opposed to a single precise result." United States v. Dixon, 449 F.3d 194, 204 (1st Cir. 2006). Consequently, "appellate review of a district court's post-Booker sentencing decision focuses on whether the court has 'adequately explained its reasons for varying or declining to vary from the

---

[1]At the end of his brief, Hernandez makes the further claim that "he was denied his constitutional rights to due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States."  That conclusory statement, without further development, is insufficient to preserve any due process claim for our consideration. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

[2]See 18 U.S.C. §§ 922(a)(1), 924(e).

guidelines and whether the result is within reasonable limits.'" Dixon, 449 F.3d at 204 (quoting United States v. Scherrer, 444 F.3d 91, 93 (1st Cir. 2006) (en banc)). Conversely, "in attacking a in-guideline-range sentence as excessive, a defendant . . . usually ha[s] to adduce fairly powerful mitigating reasons and persuade us that the district judge was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be 'reasonable.'" United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006); see also United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006).

The explanation provided by the district court here easily passes muster. In sentencing Hernandez to the bottom of the applicable guideline range, rather than eight months less, the district court expressly considered each of the mitigating factors proffered by Hernandez--his cooperation with state and federal law enforcement officials in their investigation and prosecution of other crimes, his young age when he committed the prior offenses on which his armed career criminal conviction was based, and his addiction to cocaine--but concluded that they were outweighed by other relevant factors. In particular, the court found the within-guidelines sentence to be appropriate based on the nature of his offense, which involved not merely possessing a firearm but brandishing it to terrorize others and holding it to someone's chest to steal cocaine, and the seriousness of his criminal record,

which included two other violent felonies and a serious drug-trafficking offense.

The court's reasons for rejecting Hernandez's arguments for a more lenient sentence are apparent from the sentencing transcript. As to Hernandez's cooperation, the court stated that Hernandez "ha[d] already received a substantial benefit from that cooperation," referring to the government's dismissal of two other counts and a pending supervised release violation, which would have increased his sentence by at least 84 months.[3]  The court took into account not only Hernandez's cooperation in a successful murder prosecution, which was the quid pro quo for the dismissal of the remaining counts, but also his further attempts to cooperate in investigating other crimes.  The court declined to give him credit for those other attempts both because the government did not deem them helpful and because they admittedly involved further criminal activity on his part.

As to Hernandez's plea for leniency on account of his young age when he committed his prior offenses, the court found that argument "disingenuous" since there was no long gap between his prior offenses and the offense of conviction, which was committed while he was still on supervised release for his most

---

[3]One of the dismissed counts--for possession and brandishing of a firearm in furtherance of a drug-trafficking offense--carried a mandatory minimum consecutive sentence of seven years.  18 U.S.C. § 924(c)(1)(D)(ii).

recent prior offense.  Indeed, the court noted that "[t]he only explanation for him not committing other offenses [in the interim] is that he's been in prison during all that time."

Finally, although the court recognized Hernandez's drug addiction and need for treatment, it concluded that those factors did not warrant a below-guidelines sentence.  In reaching that conclusion, the court was influenced by the fact that Hernandez had falsely denied his addiction to avoid being placed in a substance abuse treatment program while on supervised release for a prior offense.  The court did, however, address Hernandez's need for drug treatment by recommending that he be permitted to participate in the intensive drug education and treatment program while imprisoned and requiring that he participate in a drug treatment program while on supervised release.

We see nothing implausible about those explanations, which are fully supported by undisputed facts, and find the resulting sentence to be well within the realm of reasonableness. Accordingly, we affirm.  See 1st Cir. R. 27(c).