# United States Court of Appeals
## For the First Circuit

No. 06-2678

RAMÓN COLLAZO,

Plaintiff, Appellant,

v.

R. JAMES NICHOLSON,
Secretary of the Department of Veterans Affairs;
DEPARTMENT OF VETERANS AFFAIRS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Torruella, Circuit Judge,
Baldock,[*] Senior Circuit Judge,
and Lipez, Circuit Judge.

Elaine Rodríguez-Frank, for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney,
with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellees.

July 24, 2008

[*] Of the Tenth Circuit, sitting by designation.

**LIPEZ**, <u>Circuit Judge</u>.  Appellant Ramón Collazo brought suit against his employer, appellees R. James Nicholson and the Department of Veterans Affairs, alleging that he was discriminated against in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.  He argues that he suffered mental and emotional distress as a result of the hostile work environment created by appellees.  After reviewing affidavits and documentation provided by both parties, the district court granted summary judgment in favor of Nicholson because the conduct at issue, in the court's view, was "not sufficiently severe or pervasive" to create a hostile work environment.

We affirm the district court's judgment, but on an alternate ground.  Even if Collazo's allegations are true, the remedy he seeks (compensatory damages for mental anguish, pain, suffering, humiliation, and loss of enjoyment) is not available under the statute.

**I.**

We recite the relevant facts in the light most favorable to Collazo, the nonmoving party. <u>Skinner</u> v. <u>Cunningham</u>, 430 F.3d 483, 485 (1st Cir. 2005).

After working at the San Juan VA Medical Center for several years, first as a volunteer and then as a paid employee in various capacities, Collazo was promoted to the position of Patient Services Assistant in August 1998, under the supervision of José

Rivera.  Collazo, in his sixties during this period, contends that Rivera threatened him and directed age-discriminatory remarks at him, leading Collazo to file four incident reports and two VA police reports.  The last incident report, filed on April 23, 2003, discussed an incident that had occurred on April 16, 2003.  Several of Collazo's allegations of abuse were corroborated by Rivera's co-workers and/or hospital patients in affidavits submitted by Collazo in opposition to the appellee's motion for summary judgment.

While Collazo was initiating complaints against his supervisor, he also became the subject of patient complaints submitted to the VA.  In June 2003, the VA Medical Center Director convened an Administrative Board of Investigation to investigate these complaints.  During the course of the investigation over the next several months, Collazo was transferred to another position within the Medical Center with no patient contact.  On August 11, 2003, the Administrative Board completed its investigation and reported that Collazo had difficulty listening to patients and understanding their specific situations, showing empathy and care, and asking appropriate questions to offer helpful responses to his patients' needs.  The Board recommended that Collazo be relocated to areas with minimal contact with the public, where he would have little or no contact with patients or employees who were at high risk of becoming violent in the workplace.  In October 2003, the VA reassigned Collazo to the task of address correction and patient

demographics.  The transfer did not result in a change of pay grade or position description, but did remove Collazo from direct supervision by Rivera.

On April 25, 2003, Collazo filed an informal EEO harassment complaint, alleging he suffered age discrimination in connection with the incident on April 16, 2003, when Rivera threatened him, and when the VA temporarily reassigned him, also on April 16, 2003, to a non-patient processing area.  In October 2004, the EEO issued a decision in favor of the VA, concluding that Collazo "was not discriminated against on the basis of his age in violation of the ADEA by being threatened or when he was reassigned to a non-patient processing area."  This decision was upheld by the EEOC Office of Federal Operations on appeal.

On July 14, 2005, Collazo filed suit in federal court, alleging only that he suffered a hostile work environment on the basis of his age, in violation of the ADEA.  In his complaint, Collazo sought a declaration that a settlement agreement executed by the parties in 1998 was violated;[1] compensatory damages for his mental anguish, pain, suffering, humiliation, and loss of enjoyment; and attorney's fees.  On November 15, 2005, the appellees moved for summary judgment, arguing that Appellant failed to establish a prima facie case of age discrimination.  The district court granted appellees' motion, finding that Collazo had

---

[1] Collazo has not pursued this claim on appeal.

-4-

failed to show that the alleged incidents he identified were "sufficiently severe or pervasive to support a hostile work environment claim under the ADEA." Collazo filed this timely appeal.

## II.

We review the district court's grant of summary judgment de novo, with all reasonable inferences resolved in favor of the nonmoving party. See Fitzgerald v. Barnstable Sch. Comm., 504 F.3d 165, 170 (1st Cir. 2007). Summary judgment is appropriate where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see id. "We may affirm the district court's decision on any grounds supported by the record." Estades-Negroni v. Assocs. Corp. of N. Am., 377 F.3d 58, 62 (1st Cir. 2004).

"[E]nacted in 1967 as part of an ongoing congressional effort to eradicate discrimination in the workplace," McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 357 (1995), the ADEA makes it unlawful for an employer to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must establish that he "suffered an adverse job action, that this was motivated by age, and that he suffered injury as a result of it." Meléndez-Arroyo v.

Cutler-Hammer de P.R. Co., 273 F.3d 30, 33 (1st Cir. 2001); see also Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir. 2006).

The district court concluded that Collazo failed to establish a prima facie case of discrimination under the ADEA because the incidents of harassment he described were, as a matter of law, "not sufficiently severe or pervasive to support a hostile work environment claim under the ADEA." However, there is a more basic problem with Collazo's claim. Collazo has "failed to state a claim upon which relief may be granted" because the remedy he seeks, compensatory damages for the alleged mental anguish, pain, suffering, humiliation, and loss of enjoyment he suffered as a result of being required to work in a hostile work environment based on his age, is not available to him under the statute. Fed. R. Civ. P. 12(b)(6).[2] Although we have recognized hostile work environment claims under the ADEA, see Rivera-Rodríguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 24 (1st Cir. 2001), it is well-established that the statute does not allow compensatory damages for pain and suffering,[3] Vazquez v. E. Air Lines, Inc., 579 F.2d

---

[2] Collazo's claim should have been disposed of below by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

[3] In contrast to the ADEA, Title VII permits claims for compensatory damages for emotional distress and pain and suffering arising from a discriminatorily hostile or abusive work environment. 42 U.S.C. § 1981a(a)-(b); see Villescas v. Abraham, 311 F.3d 1253, 1260 (10th Cir. 2002) ("Congress had another opportunity to enlarge the remedies available under the federal

107, 109 (1st Cir. 1978); see also Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 326 (1995) (noting unanimity among the circuits on this principle). Modeled after the Fair Labor Standards Act of 1938, the remedy provisions of the ADEA allow awards for "only those pecuniary benefits connected to the job relation," including unpaid wages or overtime compensation.[4] Kolb v. Goldring, Inc., 694 F.2d 869, 872 (1st Cir. 1982) (internal quotation marks omitted); see also 29 U.S.C. § 626(b); McKennon, 513 U.S. at 357. Aside from monetary relief, federal courts may also grant "such legal or equitable relief as may be appropriate to effectuate the purposes of the Act," including reinstatement or promotion, if warranted. 29 U.S.C. § 626(b).

Here, Collazo has made no claim for pecuniary benefits related to his job or any equitable relief. His claim is limited to compensatory damages for pain and suffering. Therefore, even if he could establish a hostile work environment claim based on the record before us, the damages he seeks are not available.

---

employee ADEA when it amended Title VII and other Acts in the Civil Rights Act of 1991 to permit compensatory damages, subject to caps, and it conspicuously chose not to do so for ADEA claims.").

[4] For willful violations, the statute "authorizes an award of liquidated damages equal to the back pay award." McKennon, 513 U.S. at 357; 29 U.S.C. § 626(b). Because liquidated damages are predicated on a plaintiff's lost wages or compensation award and Collazo has not raised a claim for any such losses in this case, he is also not entitled to liquidated damages. See 29 U.S.C. § 216(b) (incorporated into 29 U.S.C. § 626(b)) (stating that liquidated damages may be awarded in an amount equal to the pecuniary losses suffered).

<u>Affirmed.</u>