Maribel LOPEZ–MENDEZ, Plaintiff,

v.

LEXMARK INTERNATIONAL, INC., et al., Defendants.

Civil No. 08–1521 (FAB).

United States District Court, D. Puerto Rico.

June 23, 2009.

Harry Anduze–Montano, Jose A. Morales–Boscio, Harry Anduze Montano Law Office, San Juan, PR, for Plaintiff.

Rosangela O. Sanfilippo–Resumil, Sylvia M. Arizmendi–Lopez, Arizmendi & Sanfilippo, Gilberto L. Oliver–Davila, Gilberto L. Oliver Law Office, Guaynabo, PR, for Defendants.

CIVIL ACTION FOR VIOLATION OF CIVIL RIGHTS UNDER TITLE VII AND ADEA, THE LAWS AND CONSTITUTION OF THE UNITED STATES

BESOSA, District Judge.

## OPINION AND ORDER [1]

On May 5, 2008, plaintiff Maribel Lopez–Mendez ("Lopez" or "plaintiff"), filed a complaint against Lexmark International, Inc. ("Lexmark"), Jairo Fernandez ("Fernandez"), in his personal and official capacity as general manager of Lexmark's Puerto Rico Region, the conjugal partnership Fernandez–Doe, Ruben Colon ("Colon"), in his personal and official capacity as plaintiff's immediate supervisor and director of the Consumer Product Division Unit for Lexmark's Puerto Rico Region, the conjugal partnership Colon–Doe, Luis Viloria ("Viloria"), in his personal and official capacity as Lexmark's General Manager and MultiCounty North Director, the conjugal partnership Viloria–Roe, Antonio Diaz ("Diaz"), in his personal and official capacity as Manager of Lexmark's Printing Solutions and Services Division for the region of Puerto Rico, and the conjugal partnership Diaz–Poe (collectively "defendants".) (Docket No. 1, ¶¶ 2.1–2.7)

On December 4, 2008, defendants filed a motion pursuant to Rules 12(b)(6), 12(c), and 12(f)(2). (Docket No. 28) On January 21, 2009, Lopez opposed the motion. (Docket No. 35)

For the reasons set forth below, the Court **GRANTS in part and DENIES in part** defendants' motion.

## FACTUAL BACKGROUND

Lopez worked as a Supplies Manager in Lexmark's Consumer Products Division from April 11, 2006 to November 8, 2007. (Docket No. 1, ¶ 3.1) While working at Lexmark, Lopez won the "Top Achiever" award for sales performance in the Latin American Region. *Id.* In 2006, Lopez increased her division's sales by 45% in comparison with the year before, and, in the first semester of 2007, Lopez increased the company's sales by 25% in comparison with the first quarter of 2006. *Id.* Her record of increasing sales was superior to that of any other manager in Puerto Rico and was one of the best in Latin America. *Id.* at ¶ 3.9. Despite her success in increasing sales, Lopez claims she faced age- and sex-based discrimination while working at Lexmark. *Id.* at ¶¶ 3.2, 3.5, 3.7, 3.8, 3.9, 3.11. She also claims that she was subjected to a sexually hostile work environment. *Id.* at ¶ 3.2. Lastly, she claims that Lexmark terminated her in retaliation for complaining about several acts which violated Lexmark's code of conduct to local and regional supervisors. *Id.* at ¶ 3.8.

Specifically, Lopez claims that Lexmark paid her less than similarly situated male employees. *Id.* at ¶ 3.11. Lopez also claims that Lexmark appointed male employees younger than 40 years of age and with no experience in the field to higher supervisory positions than her even though she was more experienced and better qualified. *Id.* at ¶¶ 3.9, 3.12. She accuses Fernandez of openly stating that he was going to bring young male employees to the company. *Id.* at ¶ 3.10.

Lopez claims that several of Lexmark's male employees went to brothels during working days. *Id.* at ¶ 3.2. Furthermore, several managers and directors used to exchange emails with strong sexual content. *Id.* Sexual conduct was not limited to outside-the-office activities and e-mails. It also took place inside the office. A Lexmark employee, Pedro Santana ("Santana"), used the company's telephone to call a prostitute in Colombia for an approximate cost of $8,000. *Id.* Subsequently, Colon authorized Santana to go on vaca-

**1.** Armando A. Velasco, a second-year student at Tulane University Law School, assisted in preparing this opinion.

tion to visit that prostitute. *Id.* at ¶ 3.3. Lopez also notified defendant Colon that Axel Coll ("Coll"), an employee, was harassing another female employee. *Id.* at ¶ 3.4. The female employee resigned and no disciplinary measures were taken against Coll. *Id.*

Lopez's regional and local supervisors did not respond to her complaints about employees visiting brothels during working days, the exchange of e-mails with strong sexual content, Santana's calls to a prostitute while at work, and Coll's harassment of another female employee. *Id.* at ¶ 3.5. Lopez claims that failure to discipline this conduct created a sexually hostile environment. *Id.*

Lopez states that, despite upper management's failure to respond to her complaints, Lexmark terminated her employment on November 8, 2007 for sending two e-mails that contained sexual references. *Id.* at ¶ 3.6. Lopez argues that Lexmark's purported rationale for her termination was in reality a pretext to discriminate against her for reason of age and sex and to retaliate against her for the internal complaints she filed. *Id.* at ¶ 3.8.

## DISCUSSION

### A. Introduction

■ Although defendants' motion initially references Rules 12(c) and 12(f)(2) in addition to rule 12(b)(6), defendants fail to provide the Court with any explanation of how these rules apply to defendants' motion. The plaintiff's opposition treats defendants' motion as if it were only raised pursuant to Rule 12(b)(6). The Court shall as well, because the defendants' failure to provide any argument concerning the applicability of Rules 12(c) and 12(f)(2) to this case constitutes a waiver of her claims pursuant to those rules. *U.S. v. Zannino,* 895 F.2d 1, 16 (1st Cir.1990); *U.S. v. Her-*

*nandez,* 201 Fed.Appx. 789, 790 n. 1 (1st Cir.2006).

### B. Motion to Dismiss Standard

Pursuant to Rule 12(b)(6), a complaint should be dismissed where a plaintiff does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible on its face if it "raises a right to relief above the speculative level," *Bell Atl. Corp.,* 550 U.S. at 570, 127 S.Ct. 1955, by pleading enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft,* 129 S.Ct. at 1949. The court will accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Id.; see also Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions [and] unsupportable conclusions" when evaluating the complaint's allegations, *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996), nor "accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp.,* 550 U.S. at 570, 127 S.Ct. 1955 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

### C. Personal Liability Under Title VII

■ Defendants argue that Title VII claims against Fernandez, Colon, Viloria, and Diaz (collectively the "individual defendants") in their personal capacities should be dismissed because Title VII does not provide for personal liability. (Docket No. 28, ¶ 3) The First Circuit Court of Appeals recently joined every other circuit that has addressed the issue by stating that there is no personal liability pursuant

to Title VII. *Fantini v. Salem State Coll.,* 557 F.3d 22, 31 (1st Cir.2009). Accordingly, plaintiff's Title VII claims against the individual defendants in their personal capacities are **dismissed with prejudice.**

## D. Personal Liability Under the Age Discrimination in Employment Act ("ADEA")

■ As with Title VII, defendants argue that ADEA claims against the individual defendants in their personal capacity should be dismissed because the ADEA does not provide for personal liability. (Docket No. 28, ¶ 3) Although neither the Supreme Court nor the First Circuit Court of Appeals have addressed this issue, *see, e.g., Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir.1997), "this district has followed the majority of circuits that have confronted this issue holding that no personal liability can attach to agents and supervisors under … ADEA." *Vizcarrondo v. Bd. of Trs. of Univ. of P.R.,* 139 F.Supp.2d 198, 205 (D.P.R.2001) (citing *Diaz v. Antilles Conversion & Exp.,* 62 F.Supp.2d 463, 465 (D.P.R.1999)); *see also, Smith v. Lomax,* 45 F.3d 402, 403 (11th Cir.1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir.1994); *Miller v. Maxwell's Int'l,* 991 F.2d 583, 587–88 (9th Cir.1993). Consistent with its prior decisions, this court holds that there is no personal liability under the ADEA. Accordingly, the ADEA claims against the individual defendants in their personal capacities are **dismissed with prejudice.**

## E. Personal Liability Under Equal Pay Act ("EPA")

Defendants challenge the EPA claims against the individual defendants in their personal capacities on the grounds that the First Circuit Court of Appeals "has required more than mere supervisory status before imposing individual liability under

the EPA." (Docket No. 28) Plaintiff has since clarified that she is not pursuing claims of individual liability against the individual defendants under the EPA. (Docket No. 35, ¶ 3) Therefore, the EPA claims against the individual defendants in their personal capacities are **dismissed with prejudice.**

## F. Personal Liability Under Law 100

The individual defendants' claim that Law 100 does not apply to them in their personal capacities. (Docket No. 28, ¶ 1) Plaintiff clarified in her opposition that she is not pursuing claims of individual liability against the individual defendants under Law 100. (Docket No. 35, ¶ 3) Therefore, the Law 100 claims against the individual defendants in their personal capacities are **dismissed with prejudice.**

## G. Preemption of Intentional Infliction of Emotional Distress and Article 1802 Claims

Defendants argue that plaintiff's separately plead claims for intentional infliction of emotional distress and for discrimination under article 1802 of the Civil Code should be dismissed because they are preempted by Law No. 80 of May 30, 1976, or, in the alternative, because the conduct alleged is already covered by specialized employment statutes, such as Title VII, ADEA, EPA, and Law 100. (Docket No. 28, ¶ 4) The court does not agree with either argument.

■ First, although Law No. 80 represents "the only remedy available to an [at-will] employee for a mere discharge without just cause." *Porto v. Bentley P.R., Inc.,* 132 D.P.R. 331, 342 (D.P.R.1992), it does not follow, that an employee may not attempt to redress other independent tortious conduct that occurs within the same time period as the discharge. *Id.* Therefore, Law No. 80 does not supplant any

cause of action under article 1802, including a claim for intentional infliction of emotional distress.

■ Second, defendant cited *Soto–Lebron v. Fed. Express Corp.*, 538 F.3d 45 (1st Cir.2008) to support the proposition that Title VII, ADEA, EPA, and Law 100 claims will preempt any tort claim under article 1802 because these specialized employment law statutes preempt tort law causes of action. (Docket No. 28, ¶ 4) *Soto–Lebron*, however, does not stand for such a proposition. In *Soto–Lebron*, the First Circuit Court of Appeals held that an IIED claim is preempted where defendants' conduct falls squarely within the scope of a defamation claim. *Id.* (citing *Demas v. Levitsky*, 291 A.D.2d 653, 738 N.Y.S.2d 402 (N.Y.App.Div.2002)). *Demas*, however goes somewhat further. It holds that "[s]ignificantly, a cause of action alleging intentional infliction of emotional distress should be dismissed 'where the conduct complained of falls well within the ambit of other traditional tort liability'." *Id.* at 409 (citing *Fischer v. Maloney*, 43 N.Y.2d 553, 558, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978)). Here, plaintiff's IIED cause of action falls squarely within the cause of action for discrimination plead separately under article 1802. "Emotional distress is a matter which may be taken into consideration in determining the amount of damages to which plaintiff is entitled, but it does not give rise to an independent cause of action on the theory of a separate tort." *Soto Lebron*, 538 F.3d at 58. Therefore, plaintiff's third cause of action (for IIED) **is dismissed with prejudice.** That doesn't mean, however, that plaintiff is barred from presenting evidence of intentional infliction of emotional distress as part of the damages she may have suffered because of any discrimination she claims she suffered. Defendant's motion to dismiss plaintiff's claim under article 1802 is **DENIED.**

## H. Lack of Personal Jurisdiction

■ Lexmark argues that this court lacks personal jurisdiction over Lexmark because it does not conduct business in Puerto Rico. (Docket No. 35, ¶ 6) Defendant fails, however, to provide the Court with evidence relevant to its claim. *Id.* In the absence of any such proof, the Court must accept all allegations in the complaint as true. *Ashcroft*, 129 S.Ct. at 1949. In the complaint, plaintiff alleges that Lexmark was her employer in Puerto Rico. (Docket No. 1, ¶ 2.2) This allegation is sufficient to indicate that Lexmark has sufficient contact with the forum to provide the basis for personal jurisdiction. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319–20, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Therefore, defendant's motion to dismiss the claims against it because of lack of jurisdiction over its person is **DENIED.**

## I. Damages under EPA and ADEA

■ Lastly, defendants argue that Lopez may not recover damages for mental anguish, and physical and emotional distress pursuant to the EPA and ADEA. (Docket No. 28, ¶ 2) As defendants argue, neither the EPA nor the ADEA allow damages for mental anguish or emotional distress. *Collazo v. Nicholson*, 535 F.3d 41, 44 (1st Cir.2008) ("[The ADEA] does not allow compensatory damages for pain and suffering"); *see Vazquez v. E. Air Lines*, 579 F.2d 107, 109 (1st Cir.1978) (explaining that other circuits have consistently found that "other than those damages specifically provided for in [the EPA], . . . compensatory damages have not been permitted"). Accordingly, any claim by

plaintiff for damages under the EPA or the ADEA for mental anguish and emotional distress is **dismissed, with prejudice.**

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss. The Court hereby **dismisses with prejudice** plaintiff's **Title VII, ADEA, EPA, and Law 100** claims against the individual defendants in their personal capacities. Any claim by plaintiff for mental anguish or emotional distress grounded on the EPA or ADEA is also **dismissed, with prejudice.** Lastly, plaintiff's separately plead claim for intentional infliction of emotional damages is **dismissed, with prejudice.** Plaintiff may, however, present evidence of intentional infliction of emotional damages as part of her separately plead claim for discrimination under article 1802.

**IT IS SO ORDERED.**