# United States Court of Appeals
## For the First Circuit

No. 08-1284

CARLOS CALDERÓN-GARNIER,

Plaintiff, Appellant,

v.

HON. ANABELLE RODRÍGUEZ, in her personal capacity as former
Secretary of the Puerto Rico Department of Justice;
HON. ROBERTO SÁNCHEZ-RAMOS, in his personal and official
capacity as acting Secretary of Justice; PEDRO GOYCO-AMADOR,
in his personal and official capacity of Prosecutor General
of the Department of Justice; CRUZ ESTEVES DE GONZÁLEZ, in
her personal and official capacity as District Attorney of
the Puerto Rico Department of Justice; HON. SILA MARÍA CALDERÓN,
in her personal capacity as former Governor of Puerto Rico;
JOHN DOE, unknown persons who acted or conspired violating
Plaintiff's constitutional rights and caused damages,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. Senior District Judge]

Before

Lynch, Chief Judge,
Torruella, and Selya, Circuit Judges.

Israel Roldán-González, for appellant.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, with
whom Maite D. Oronoz-Rodríguez, Acting Solicitor General, and
Ileana M. Oliver-Falero, Acting Deputy Solicitor General, were on
brief for appellees Sánchez-Ramos, Goyco-Amador, Esteves de
González and Sila María Calderón.

Eliezer A. Aldarondo, with whom Eileen Landrón-Guardiola, Eduardo Vera-Ramírez, Luis A. Rodríguez-Muñoz, Landrón & Vera, LLP, Roberto J. Sánchez-Ramos, Secretary of Justice, and Maite Oronoz-Rodríguez, Acting Solicitor General, were on brief for appellee Hon. Anabelle Rodríguez.

---

August 24, 2009

---

**TORRUELLA**, **Circuit Judge**.  Plaintiff Carlos Calderón Garnier ("plaintiff"), a former prosecutor for the Puerto Rico Department of Justice, appeals from a grant of summary judgment below in favor of his former supervisors:  Anabelle Rodríguez, Sila María Calderón, Pedro Goyco-Amador, Cruz Estevez de González, and Roberto Sánchez-Ramos (collectively "defendants").  Plaintiff alleges that the Puerto Rico Department of Justice terminated his twelve-year appointment as an Assistant District Attorney because of plaintiff's political views and activities.  Plaintiff proceeded on several theories below, including a due process claim pursuant to 42 U.S.C. § 1983, and several claims under Puerto Rico law.  The district court granted summary judgment in favor of the defendants on the federal claims, and dismissed the Puerto Rico claims without prejudice.  Only plaintiff's due process claim is before us.  After careful consideration of the record, we affirm the district court's grant of summary judgment.

## I.  Background

We present the relevant facts in the light most favorable to the party opposing summary judgment.  See Rodi v. Southern New England School of Law, 532 F.3d 11, 13 (1st Cir. 2008).

Plaintiff was appointed Assistant District Attorney in March 1995 by Commonwealth Governor Pedro J. Rosselló, a member of the New Progressive Party ("NPP").  Plaintiff was promoted and reappointed to a twelve-year term in 1999.

-3-

In 2001, defendant Sila María Calderón of the Popular Democratic Party ("PDP") became Governor of Puerto Rico. Beginning in late 2001, plaintiff was required to work on-call shifts that lasted twenty-four hours, seven days per week. Plaintiff alleges that these shifts were assigned in a politically discriminatory fashion. Plaintiff, along with other prosecutors, made a formal written complaint to defendants Rodríguez and Goyco, then acting Prosecutor General, in November 2002.

In January 2003, plaintiff sent subpoenas to several government agencies and municipal personnel in connection with an investigation into sabotage of United States Navy property. Plaintiff alleges that defendant Estevez de González accused him of undertaking a politically motivated investigation and warned him to end the investigation. In April 2003, plaintiff also investigated a claim that government and municipal employees had vandalized United States property and had beaten a federal employee. Shortly thereafter, plaintiff was removed from the investigation by order of defendant Rodríguez. On October 30, 2003, plaintiff conducted a silent protest at the Conference of the Public Ministry; he was prevented by defendant Goyco from making a presentation and showing a poster at the conference.

On November 24, 2003, plaintiff was notified by Puerto Rico Department of Justice attorney Yanira Sierra Ramos ("Sierra") that an investigation into plaintiff's silent protest and work

-4-

performance was being conducted at the behest of defendant Rodríguez. Sierra was appointed "Inspector General" of the investigation. On December 23, 2003, as a result of this investigation, Rodríguez, who was then Secretary of Justice, issued a letter suspending plaintiff. The suspension was premised on a violation of P.R. Laws Ann. tit. 3, § 93(b), which (though since repealed) provided in pertinent part that:

> A complaint against any prosecuting attorney may be filed under oath by any citizen or at the request of the Secretary of Justice, before the Department of Justice. After it is filed, the Secretary shall order an investigation of the alleged facts. Based on the results of such investigation, the Secretary may dismiss said complaint or proceed to prefer charges and notify the prosecuting attorney, in writing therefore, stating the reasons and grounds therefor and giving him the opportunity to be heard.

> When such charges have been proven, the Secretary of Justice shall submit a report, which shall include determinations, conclusions and recommendations from such procedures, to the Governor of Puerto Rico. Based on said report, the Governor shall determine the action to be taken.

The plaintiff requested by letter dated January 5, 2004, that an informal administrative hearing be held. The case was then assigned to an examining officer ("examiner"). The examiner notified plaintiff by certified letter dated January 10 that a hearing was scheduled for January 21. Plaintiff did not appear at that hearing. The examiner had received no return confirmation card, and suspecting that plaintiff may not have received the

original notice, rescheduled the hearing for February 2. Meanwhile, on January 30, plaintiff's attorney, Rafael Sánchez Hernández, called the examiner by phone to say that he was representing plaintiff and that plaintiff was undergoing treatment for "emotional exasperation" by the State Insurance Fund. Sánchez Hernández told the examiner that plaintiff would not be able to attend the hearing and that the State Insurance Fund had advised him to take rest while he received psychiatric treatment. The examiner told the attorney to put plaintiff's statement in writing.

On February 3, after considering statements in writing and arguments from plaintiff's lawyer regarding plaintiff's treatment, the examiner issued a new resolution rescheduling the hearing for February 9. The February 3 resolution alerted the plaintiff to several alternatives available for presenting his case: in writing, in person, or through counsel. A new resolution on February 6 moved the new hearing to February 13 because of a scheduling conflict. Plaintiff's attorneys also stated that they had not yet received the February 3 resolution. The examiner had by this time already heard and rejected plaintiff's argument that hearings should be postponed while he was under the care of the State Insurance Fund.

Plaintiff did not appear on February 13, but his attorneys did. They argued that plaintiff had not been able to confront the evidence against him and requested copies of all

documentary proof in the file containing the charges against him. The examiner rejected these requests stating that due process only requires an informal pre-termination hearing. Plaintiff was given a final deadline of February 19 to submit in writing his version of the facts. Plaintiff failed to submit any facts by the deadline.[1]

On April 2, 2004, the examiner issued a resolution summarizing her findings and recommended dismissal. On May 12, 2004, based on that recommendation, defendant Sila María Calderón, who was then Governor, dismissed plaintiff for "insubordination or abandonment of duties, improper and reprehensible conduct and incompetence or professional inability manifest in the performance of functions and duties," in violation of P.R. Laws Ann. tit. 3, § 93(a) and pursuant to procedure and authority in § 93(b). The letter of dismissal made clear that plaintiff was entitled to an appeal with the Personal Administration System Appeal Boards within thirty days of notification of dismissal.

Plaintiff filed this federal action on May 11, 2005. On January 6, 2008, the district court granted summary judgment in

---

[1] Of dubious importance and uncertain history in this appeal is a two-line letter by plaintiff's psychiatrist dated February 19, 2004. The letter, which was entered into the record below only in Spanish, is inadmissible. Neither this court nor the district court may rely on evidence not in English. See 1st Cir. Loc. R. 30(d) ("The court will not receive documents not in the English language unless translations are furnished."); see also 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language.").

defendants' favor, denying plaintiff's claims under § 1983.  It then declined to exercise supplemental jurisdiction over the Puerto Rico law claims.

Plaintiff appeals the district court's dismissal of his due process claim.

## II.  Discussion

### A.  Standard of Review

This court reviews a grant of summary judgment de novo. See Insituform Techs., Inc. v. Am. Home Assur. Co., 566 F.3d 274, 276 (1st Cir. 2009).  "Nevertheless, '[w]e may affirm the district court's decision on any grounds supported by the record.'"  Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (quoting Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008)).  "In reviewing a grant of summary judgment, this court 'constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in the party's favor.'"  Id. at 44 (quoting Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).  Summary judgment is appropriate only when "there is no genuine issue as to any material fact" and the "movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).

-8-

## B. Due Process of Law

Plaintiff's sole federal claim is filed pursuant to § 1983, which grants a civil remedy for denial of federal constitutional rights under the color of state law. Plaintiff seeks to vindicate his federal procedural due process rights, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, which both provide that no person shall be deprived "of life, liberty, or property, without due process of law." U.S. Const. Amend. V, XIV.

Being fired from a job can only constitute a deprivation of "life, liberty, or property" if the worker had a property interest in the job; thus, plaintiff's "federal constitutional claim depends on [his] having had a property right in continued employment." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). If an employee has a property interest in her job and it is determined that the due process clause applies, "'the question remains what process is due.'" Id. at 541 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333-35 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). The Supreme Court has stated that "the pretermination hearing need not definitively resolve the propriety of the discharge," but need only

be "an initial check against mistaken decisions -- essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Loudermill, 470 U.S. at 545-46. This pre-termination process, especially when there is a "comprehensive" post-termination procedure in place, need not be "elaborate." Mard v. Town of Amherst, 350 F.3d 184, 192 (1st Cir. 2003); see also Swank v. Smart, 898 F.2d 1247, 1256 (7th Cir. 1990) (comparing pre- and post-termination due process requirements). It "'need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story.'" O'Neill v. Baker, 210 F.3d 41, 48 (1st Cir. 2000) (quoting Gilbert v. Homar, 520 U.S. 924, 929 (1997)).

### C.  Plaintiff's Due Process Claim is Unavailing

#### a.  Process Afforded

As a preliminary matter, assuming plaintiff has a valid property interest in his job, there is little question here that the process provided to plaintiff was sufficient. Plaintiff was presented with notice of the charges against him. He requested and was offered an informal hearing. The examiner granted requests for extensions of time and accommodated plaintiff's attorneys' schedules. The examiner repeatedly made clear that plaintiff could present his version of events in person, in writing, or through his

-10-

attorneys. Taken together, these provisions clearly rise to the requisite level of "oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." Gilbert, 520 U.S. at 929.

Plaintiff also argues that his health prevented him from taking advantage of the process afforded by Puerto Rico.[2] We do not doubt that at some point a health condition could prevent an individual from meaningfully presenting her side of the story; on this thin record, however, we need not reach this question.[3] There is nothing in the record to suggest plaintiff was so incapacitated that he could not communicate with his lawyer to make arguments on his behalf. It is true that plaintiff's counsel informed the court that plaintiff could not be present because the State Insurance Fund recommended that he rest while receiving treatment. However, this fact, standing alone, does not establish that plaintiff was not given a meaningful opportunity to present his version of events -- due process does not impose a strict requirement that plaintiff

[2] Plaintiff states that he was receiving medical therapy for the "emotional exasperation caused by all the illegal and discriminatory acts of [defendants]."

[3] We note that in a different context -- equitable tolling on account of mental illness in civil actions -- we held that a plaintiff suffering from hallucinations and paranoia, had "rais[ed] a genuine issue of fact as to whether [her] mental condition rendered her incapable of rationally cooperating with any counsel, and/or pursuing her claim on her own during the limitations period." Nunnally v. MacCausland, 996 F.2d 1, 6-7 (1st Cir. 1993) (per curiam). A plaintiff's inability rationally to participate in the process was thus dispositive.

-11-

must be present at a pre-termination hearing.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 135 (1st Cir. 2005) (holding no due process violation where plaintiff presented his arguments in writing rather than appearing in person).  Moreover, at the February 13 hearing, counsel presented legal arguments on plaintiff's behalf.  In addition, plaintiff was given a final opportunity to present his side of the story in writing on February 19, but failed to do so.[4] To the extent that plaintiff was unsatisfied with the proceedings, this case resembles Mercado-Alicea v. P.R. Tourism Co., where a worker repeatedly failed to participate in a pre-termination hearing that was rescheduled several times.  396 F.3d 46, 53 (1st Cir. 2005) ("The district court correctly found that defendants did not violate [plaintiff's] due process rights when his inability to present his side of the story was due to his failure to participate.").

In sum, plaintiff has shown no genuine issue as to any material fact that would cause us to doubt whether plaintiff had a meaningful opportunity to participate in a pre-termination hearing.

---

[4]  Even if we were to consider the February 19 note from plaintiff's psychiatrist, it does not establish why plaintiff could not respond in writing to the charges against him.

### III.  Conclusion

For the foregoing reasons, we hold that the district court correctly granted the defendants' summary judgment motion and correctly dismissed the Puerto Rico law claims without prejudice.[5]

**Affirmed**.

---

[5]  We note plaintiff's claim that Rodríguez was without authority when she issued a letter suspending plaintiff.  We need not reach this claim as it is made pursuant to Puerto Rico law and does not implicate his due process claim.