158

Vicenta PRATT, et al., Plaintiffs,

v.

PREMIER SALONS, INC.,
.et al., Defendants.

CIVIL NO. 13–1924 (PAD)

United States District Court,
D. Puerto Rico.

Signed May 26, 2015

Juan R. Gonzalez–Munoz, Juan C. Nieves–Gonzalez, Gonzalez Munoz Law Offices, P.S.C., Jose L. Rivero–Vergne, San Juan, PR, for Plaintiffs.

Pure Beauty Salons & Boutiques, Inc., Golden Valley, MN, pro se.

Pure Beauty International, Inc., Golden Valley, MN, pro se.

Luis M. Ferrer–Medina, Reynaldo A. Quintana–Latorre, Baerga & Quintana Law Offices, San Juan, PR, for Defendant.

### MEMORANDUM AND ORDER

Delgado–Hernández, District Judge

■ On May 21, 2015, a jury awarded plaintiffs back pay and emotional damages on account of having been discriminated against because of their age in violation of the Federal Age Discrimination in Employment Act ("ADEA") and Puerto Rico Law No. 100 of June 30, 1959. Additionally, it found defendants to have acted willfully. Hence, the court entered judgment doubling under the ADEA the amounts awarded for back pay, and doubling under Law No. 100 the amounts awarded for emotional damages.[1]

On May 22, 2015, plaintiffs filed a "Motion for Partial Amendment of Judgment," asking the court to amend the judgment so as to increase the back pay awards; to specify that defendants are jointly and severally liable; and to correct the last name of two of the plaintiffs. (Docket No. 83).

The motion is GRANTED IN PART AND DENIED IN PART.

## I. DISCUSSION

### A. BACK PAY

■ Plaintiffs allege the proper way to apply the ADEA and Law No. 100 is to multiply by three the amounts awarded for back pay. They claim the tripling would permit them to receive the distinct remedies awarded by the jury and by operation of the law. See, Docket No. 83 at p. 4.

■ The ADEA entitles a prevailing plaintiff to doubled back pay in situations involving willful violations. Congress intended this liquidated damage provision to be punitive, thereby serving to deter willful misconduct. 29 U.S.C. § 626(b); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); Sánchez v. Puerto Rico Oil Co., 37 F.3d 712, 725 (1st Cir. 1994).

Law No. 100 entitles prevailing plaintiffs to doubled damages. P.R. Laws Ann. tit. 29 § 146. Those damages include economic damages such as back pay, and emotional damages. The doubling mechanism constitutes a penalty, a statutory enactment of punitive damages not otherwise recognized under Puerto Rico law. See, Guardiola Álvarez v. Depto. de la Familia, 175 D.P.R. 668, 681–682 (2009)(so noting). For this reason, it is commonly referred to as "double penalty." See, Cruz Roche v. De Jesús, 182 D.P.R. 313, 327 (2011)(so referring to the doubling provison); Arce v. Martínez, 146 D.P.R. 215, 240 (1998)(same).

■ The plaintiff is entitled to only one full recovery, no matter how many legal grounds may support the verdict. Linn v.

---

1. Contrary to Law No. 100, the ADEA does not provide for recovery of emotional damages. See, Collazo v. Nicholson, 535 F.3d 41, 44–45 (1st Cir. 2008)(explaining allowable recovery under the ADEA); Chambers v. Calais, 187 F.3d 621, 1998 WL 1085801, *3 (1st Cir. August 18, 1998)(same).

Andover Newton Theological School, Inc., 874 F.2d 1, 8 (1st Cir. 1989)(so stating); Sánchez, 37 F.3d at 725 (same). Given the penalty elements shared by the doubling provisions of the ADEA and Law No. 100, it would be improper to double the back pay of the award under Law No. 100 such as plaintiffs request, for it was already doubled under the ADEA to ensure complete recovery. See, Freeman v. Package Machinery Co., 865 F.2d 1331, 1345 (1st Cir. 1988)(noting that "plaintiff, although entitled to the same damages under both federal and state statutes, could collect them but once"); Lopez Vicil v. ITT Intermedia, 142 D.P.R. 857 (1997)(reversing award of $100,000 for "mental anguish" in addition to award of $100,000 for "mental damages;" considering excessive amounts so awarded; vacating the awards, and replacing them with a single base award of $25,000, to be doubled to $50,000 pursuant to the double penalty provision of Law No. 100).

Plaintiffs argue that doubling the back pay award under Law No. 100 would be duplicative only if the court were to enter judgment awarding the base back pay award under both the ADEA and Law 100 and then proceeded to award liquidated damages under the ADEA and double damages under local law. See, Docket No. 83 at p. 3. Even though that scenario would result in a double recovery, it is not the only scenario giving rise to it. See, Linn, 874 F.2d at 8 (ruling improper an award of prejudgment interest under state law in addition to liquidated damages under ADEA; as both prejudgment interest and liquidated damages covered loss due to delay, allowing the prejudgment interest award would have resulted in a plaintiff's

recovering twice for the same injury). Here, the penalty was already applied by way of the ADEA. To apply a parallel state penalty to the same back pay award would permit what the First Circuit prohibits.

Plaintiffs contend that in Sánchez, 37 F.3d at 725, the First Circuit characterized the Law No. 100 doubling provision as compensatory rather than punitive. See, Docket No. 83 at p. 3. They overlook that in Sánchez, the First Circuit also cautioned that the "appeal did not require [the court of appeals] to decide . . . whether the doubling under Law 100 has a compensatory thrust." Sánchez, 37 F.3d at 725. And the Puerto Rico Supreme Court has unequivocally characterized the Law No. 100 doubling mechanism as punitive. See, Ramírez Ferrer v. Conagra Foods PR, 175 D.P.R. 799, 816, 826 (2009); Guardiola Alvarez, 175 D.P.R. at 681–682; Cruz Roche, 182 D.P.R. at 327; Belk, 146 D.P.R. at 240. López Vicil, 142 D.P.R. at 857. Consequently, the court does not believe it feasible to bypass the Puerto Rico Supreme Court's description of Law No. 100 to extricate from the statute a characteristic the Supreme Court has clearly attributed to it.[2]

Plaintiffs' claim that since the court instructed the jury that emotional damages are separate and apart from back pay, the jury awarded a single back pay to plaintiffs; the prospect of a duplicative back pay award was foreclosed; and for that reason, they are entitled to doubling of the back pay award under Law No. 100. See, Docket No. 83, at 2. The premises are

---

**2.** In Sánchez, the district court doubled the back pay award under the ADEA. Plaintiffs maintain that case is distinguishable because the back pay award was exclusively premised on the ADEA, whereas here it was not so

exclusively limited. See, Docket No. 83, p. 3 at n. 3. The distinction lacks significance, for in the end the proper measure is to prevent the double recovery that plaintiffs request.

correct but do not lead to the conclusion plaintiffs advocate for.[3]

There was a single back pay award for each of the plaintiffs, and a doubling of those awards. Because punitive liability was imposed, the request for an additional doubling of the base back pay award to increase that liability must be denied. Plaintiffs are not entitled to another slice of the double back-pay pie.[4]

## B. JOINT AND SEVERAL

 Plaintiffs point out that for the Judgment to be "unequivocally accurate," it should be amended to provide that it was entered against all defendants, *jointly and severally*. See, Docket No. 83 at p. 1. In general, joint-and-several liability exists when two or more persons cause an injury such that each is liable for the full amount of damages. The nature of the allegations upon which the case was filed, litigated, and tried makes it apparent the judgment should reflect what plaintiffs propose.

From the record, defendants bore substantial identity with each other, acting as one entity with different names, through a common director (Bionette Torres) and manager (Zoraida Capacetti), by way of which discriminatory decisions were made and implemented. See e.g., Docket No. 1 at ¶ 123; Docket No. 9 at ¶ 122; Docket No. 83 at ¶¶ 98, 103–104; Testimony of Iris Rodríguez–Ramos at trial (Bionette Torres

told her that the company had changed its name); Testimony of Lydia Fernández–Peña at trial (Salon did not close; it opened with persons Bionette Torres chose); Testimony of María Reyes–Sánchez at trial (Bionette Torres said she did not recommend Sánchez as Sánchez should stay home because of her age). Thus, plaintiffs' request must be granted.

## C. LAST NAMES

Plaintiffs ask the court to amend the Judgment to correct the last name of two of the plaintiffs, as follows: from Iris Rodríguez Reyes to Iris Rodríguez Ramos, and from Vicenta Pratts to Vicenta Pratt (Docket No. 83 at p. 1). The record confirms the propriety of plaintiffs' request. Correspondingly, the last names will be corrected.

## II. CONCLUSION

In view of the foregoing, plaintiffs' motion at Docket No. 83 is GRANTED IN PART AND DENIED IN PART. An Amended Judgment will be entered accordingly.

**SO ORDERED.**

---

**3.** In the Complaint (Docket No. 1), Amended Complaint (Docket No. 9), and Second Amended Complaint (Docket No. 83), plaintiffs asked for liquidated damages equal to twice the amount of each plaintiffs' back pay under the ADEA. See, "Second Cause of Action (Willful Violation under ADEA)" (Docket No. 1 at ¶¶ 136–138); Docket No. 9 at ¶¶ 136–138; and Docket No. 83 at ¶¶ 136–138. Separately, in the "Third Cause of Action (Age Discrimination under Law No. 100)," they alleged to have suffered emotional damages (rather than economic losses entitling them to back pay) under Law No. 100, and requested

double the damages. See, Docket No. 1 at ¶¶ 139–142; Docket No. 9 at ¶¶ 139–142; and Docket No. 83 ¶¶ 139–142. Those separate causes of action are inconsistent with what plaintiffs now seek.

**4.** Plaintiffs attached to their motion copy of an amended final judgment from a case in this District tripling the back pay award. See, Docket No. 83, Exh. 2. To the extent such tripling finds support in the arguments plaintiffs have raised in the present case, the court does not find it persuasive.